MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2018 ME 136
Docket:        Ken-18-109
Submitted
  On Briefs:   September 26, 2018
Decided:       October 4, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


IN RE CHILDREN OF BENJAMIN D.


PER CURIAM

[¶1] Benjamin D. appeals from a judgment of the District Court (Augusta, *Fowle, J.*) terminating his parental rights to his two children.[1] He challenges the sufficiency of the evidence supporting the court's finding of parental unfitness and the court's discretionary determination that termination is in the best interests of the children. *See* 22 M.R.S. § 4055(1)(B)(2) (2017). Because the evidence supports the court's findings and discretionary determinations, we affirm the judgment.

[¶2] Based on competent evidence in the record, the court found by clear and convincing evidence that the father (1) is unable to protect the children from jeopardy, and these circumstances are unlikely to change within a time

---

[1] On June 27, 2017, the District Court (Augusta, *Fowle, J.*) entered a judgment terminating the mother's parental rights after the mother consented in writing to the termination of her rights. *See* 22 M.R.S. § 4055(1)(A)(1)(a), B(1) (2017). The mother does not appeal from that judgment.

that is reasonably calculated to meet the children's needs and (2) is unwilling and unable to take responsibility for the children within a time that is reasonably calculated to meet the children's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii) (2017). The court also found that termination of the father's parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a).

[¶3] We review factual findings supporting the unfitness determination for clear error and apply the same standard to the factual findings supporting the best interest determination. *See In re Child of James R.*, 2018 ME 50, ¶¶ 11, 14, 182 A.3d 1252. We review the court's ultimate conclusion that termination is in the children's best interest for an abuse of discretion. *See In re Anastasia M.*, 2017 ME 213, ¶ 2, 172 A.3d 922.

[¶4] The court based its determinations on the following findings of fact:

> The Department of Health and Human Services (hereinafter DHHS) has been involved with [the father] since at least 2009. . . . [T]he Department became involved again, following the birth of [his youngest daughter], [in June 2016]. She was born drug affected. . . . Because of other reports of drug use by [the mother and the father], and domestic violence between them, the Department met with the father at his residence. . . . This residence was actually a bedroom in [a friend's] apartment, and it was cluttered. On June 20, 2016, the mother was arrested for assaulting the father. . . . On this same date, harmful chemicals were discovered in the father's residence, and he was ultimately arrested, charged and convicted of Operation of a

Methamphetamine Lab. [The oldest daughter] was found to be filthy and was placed in Interim care out of concern that she may have been present while the Lab was in operation. The father denied at the hearing that this was the case, but did acknowledge that the Lab was located at his stated residence. . . .

[The father's] treatment with [a treatment provider] started in August 2017, and lasted until he was terminated from the program, for hanging up on treatment personnel who were attempting to conduct a pill count on December 28, 2017. . . . It is also noted that the father made no further effort to get back into counseling, and was not in counseling at the time of the hearing on January 24, 2018.

[The father] tested positive for cocaine in the fall of 2017, which he denies. In 2012, he was convicted of Assault, Criminal Trespass and Theft. He denied the assault during his testimony. In 2009, he was convicted of Sexual Abuse of a minor. . . . His refusal to accept full responsibility for his actions, has more significance with the court, than the convictions themselves. He has fathered six children and does not provide care for any of them. The record reflects that he previously discontinued treatment in November of 2016, while he was waiting for the resolution of his charge for Operating a Methamphetamine Lab. Similarly, his denial that the children were anywhere near the methamphetamine lab does not appear to ring true. The lab was operated at [his residence] during the spring of 2016. The record reflects that during this time the children were present upon those premises.

Of additional concern to the court is the father's continued relationship with [the mother]. . . . This concerns the court greatly, with respect to whether he is putting the needs of his children first, as he also acknowledged that [the mother] is not good for him or the children. It should be noted that [the mother] consented to a Termination of her parental rights on June 27, 2017. [The father] has alternatively stated that his relationship with [the mother] ended fourteen months ago, or two months ago, and it is clear that his association with her continued until the hearing in January.

4

. . . .

[The father] has engaged in counseling and treatment with [a treatment provider] for a sustained period of five months before they terminated him from treatment. A cocaine relapse was the significant blemish during this time period. The court is concerned about [the father's] termination from treatment. . . . His failure to follow up with other treatment is also of concern. His continued association with [the mother] at a time when all of his efforts should have been directed toward reunification with his children may be the biggest concern of all.

. . . .

In the present case, [the oldest child] was born on May 5, 2014, and [the youngest child] was born on June 6, 2016. The children have been out of their parent's custody since June 20, 2016. . . . In the case of [the youngest child], nearly her entire life has been spent in the care and custody of [her foster parents]. The same is the case with [the oldest child] since June of 2016. Both children have been living with the [foster parents] for well over one and a half years. The father is not in a position to "soon secure full-time parenting," and his future prospects to do so, are at best uncertain, and a long time in the future.

The court concludes by clear and convincing evidence that [the father] is unable to protect the children from jeopardy and these circumstances are unlikely to change within a time period which is reasonably calculated to meet the children's needs. The father has simply not made sufficient progress with his counseling and treatment, nor has he shown a demonstrated commitment to follow through on this. He is unemployed, without suitable housing, and has a difficult time accepting responsibility for his actions. In addition, his continued association with [the mother], when he acknowledges that this is bad for both him and the children, causes this court to conclude that he is not ready to assume full time parenting responsibilities nor is he likely to be

ready in the short to medium term, and certainly not within the three months proposed by [the father]. Similarly, [the father] is unwilling or unable to take responsibility for the children within a time which is reasonably calculated to meet the children's needs.

[¶5] Contrary to the father's contentions, given these findings and the court's other specific findings of fact, there is competent evidence in the record to support the trial court's conclusion that the father (1) is unable to protect his children from jeopardy and these circumstances are unlikely to change within a time period that is reasonably calculated to meet the children's needs and (2) is unwilling or unable to take responsibility for the children within a time that is reasonably calculated to meet the children's needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195. Additionally, the evidence supports the court's determination that termination of the father's parental rights is in the children's best interests. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re A.H.*, 2013 ME 85, ¶ 16, 77 A.3d 1012. The court did not err in finding, or abuse its discretion in its ultimate conclusion, that the termination of the father's parental rights was in the children's best interests. *See id.*

The entry is:

Judgment affirmed.

6

Aaron B. Rowden, Esq., Waterville, for appellant Father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Augusta District Court docket number PC-2016-47
FOR CLERK REFERENCE ONLY